UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN MATTHEW FINNEGAN; FINNEGAN LLC; and LIQUID EVENTS WORLDWIDE LLC,<br><br>                                  Plaintiffs,<br><br>v.<br><br>LEGAL SHIELD,<br><br>                                  Defendant. | Case No.: 21-CV-773 JLS (KSC)<br><br>**ORDER (1) GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND (2) DISMISSING COMPLAINT WITHOUT PREJUDICE FOR LACK OF SUBJECT-MATTER JURISDICTION**<br><br>(ECF Nos. 1, 2) |

Presently before the Court are Plaintiffs Sean Matthew Finnegan ("Mr. Finnegan" or "Plaintiff"), Finnegan LLC, and Liquid Events Worldwide LLC's (collectively, "Plaintiffs") Complaint for a Civil Case ("Compl.," ECF No. 1) and Mr. Finnegan's Motion for Leave to Proceed *in Forma Pauperis* ("IFP Mot.," ECF No. 2). Plaintiffs, proceeding *pro se*,[1] appear to allege breach of contract claims against Defendant Legal Shield. *See*

---

[1] The Court notes that, pursuant to this District's Local Rules:

> Only natural persons representing their individual interests in propia persona may appear in court without representation by an attorney permitted to practice pursuant to Civil Local Rule 83.3. All other parties, including

1

*generally* Compl.  Having considered carefully Plaintiffs' Complaint, Mr. Finnegan's IFP Motion, and the applicable law, the Court **GRANTS** Mr. Finnegan's IFP Motion and **DISMISSES WITHOUT PREJUDICE** Plaintiffs' Complaint.

### *IN FORMA PAUPERIS* MOTION

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[2]  *See* 28 U.S.C. § 1914(a).  The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  Although the statute does not specify the qualifications for proceeding IFP, the plaintiff's affidavit must allege poverty with some particularity.  *Escobeda v. Applebees*, 787 F.3d 1226, 1234 (2015).  Granting a plaintiff leave to proceed IFP may be proper, for example, when the affidavit demonstrates that paying court costs will result in a plaintiff's inability to afford the "necessities of life."  *Id.*  The affidavit, however, need not demonstrate that the plaintiff is destitute.  *Id.*

---

corporations, partnerships and other legal entities, may appear in court only through an attorney permitted to practice pursuant to Civil Local Rule 83.3.

S.D. Cal. CivLR 83.3(j); *see also In re Highley*, 459 F.2d 554, 555 (9th Cir. 1972) ("A corporation can appear in a court proceeding only through an attorney at law.") (collecting cases).  Accordingly, to the extent the IFP Motion was intended to be filed on behalf of Plaintiffs Finnegan LLC or Liquid Events Worldwide LLC (collectively, the "Entity Plaintiffs"), the Court finds it is unable to grant the requested relief, as Mr. Finnegan cannot represent the Entity Plaintiffs and "[the Entity Plaintiffs] may not file documents in this case unless and until they are represented by attorneys admitted to the bar of this court." *Denso Corp. v. Domain Name (denso.com)*, No. C 14-01050 LB, 2014 WL 4681179, at *4 (N.D. Cal. Sept. 19, 2014).  Further, in accordance with Civil Local Rule 83.3(j), should the Entity Plaintiffs desire to remain as parties in this litigation, they must secure counsel to represent them or risk dismissal from this action.

[2]  In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)).  The additional $52 administrative fee does not apply to persons granted leave to proceed *in forma pauperis*.  *Id.*

Here, Mr. Finnegan's affidavit shows that he earns $287 per month, with no other sources of income. *See* IFP Mot. at 1–2. Mr. Finnegan does not report having any cash, *see id.* at 2, or other assets, *see id.* at 3. Mr. Finnegan reports no monthly expenses, *see id.* at 4–5, but notes that Defendant's actions "caused Plaintiff to become homeless," *id.* at 5.

The Court concludes that Mr. Finnegan adequately has demonstrated that paying the $402 filing fee would result in his inability to afford the necessities of life. Accordingly, the Court **GRANTS** Mr. Finnegan's IFP Motion.

## SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

### I. Standard of Review

Because Mr. Finnegan is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2). *See, e.g.*, *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2002) (per curiam) (holding 28 U.S.C. § 1915(e)(2) screening applies to non-prisoners proceeding IFP); *see also Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)). Under this statute, the Court must dismiss *sua sponte* a complaint, or any portion of it, that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez*, 203 F.3d at 1126–27. "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted).

"When a court does not have jurisdiction to hear an action, the claim is considered frivolous." *Johnson v. E. Band Cherokee Nation*, 718 F. Supp. 6, 6 (N.D.N.Y. 1989). Moreover, "[t]he Court has an independent obligation to determine whether it has subject-matter jurisdiction." *Cox v. Lee*, No. CV-20-0275-PHX-DMF, 2020 WL 1904625, at *2 (D. Ariz. Apr. 17, 2020) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)); *see also Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press.") (citation omitted). Pursuant to

Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action" (emphasis added). As the plain language of Rule 12(h)(3) suggests, this requirement is mandatory. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (noting that "'subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived"; therefore, "when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety") (citation omitted).

## II.    The Allegations of Plaintiffs' Complaint

On April 20, 2021, Plaintiffs filed the instant Complaint. *See* ECF No. 1. Plaintiffs claim that "[t]hey entered into numerous contracts with the defendant," with legal matters "spread out with the defendants [sic] provider firms, Friedman Framme and Thrush, Demming Parker Hoffman Cambel and Daily and Glantz Law." Compl. at 4. Plaintiffs allege that "defendant and the provider firms are responsible for over fifty legal matters." *Id.* Plaintiffs claim that "defendant, without notice, terminated the plaintiff[s]," and accordingly "defendant breached contract." *Id.* Plaintiffs seek $1 billion in damages. *Id.* Plaintiffs attach what appears to be a copy of the contract at issue to the Complaint. *See id.* at 6–14.

Plaintiffs claim that the basis for jurisdiction over this action is diversity of citizenship, *see id*. at 3, although Plaintiffs also cite 41 U.S.C. § 6503 as a federal statute at issue in this case, *see id.* The Complaint claims that Mr. Finnegan is a citizen of the State of California. *See id.* Citizenship is not provided for the entity plaintiffs. The Complaint also claims that Defendant is a citizen of the State of California. *See id.*

## III.   Analysis

"Federal district courts are courts of limited jurisdiction that 'may not grant relief absent a constitutional or valid statutory grant of jurisdiction' and are 'presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears.'" *Cooper v. Tokyo Elec. Power Co.*, 990 F. Supp. 2d 1035, 1038 (S.D. Cal. 2013) (quoting *A-Z Int'l v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003)). A plaintiff bears the burden of establishing

that subject matter jurisdiction exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994) (citing *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 182–183 (1936)). "This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction over an action." *Wilkerson v. Butler*, 229 F.R.D. 166, 169 (E.D. Cal. 2005) (citing *McNutt,* 298 U.S. at 189; Fed. R. Civ. P. 8(a)(1) (requiring "a short and plain statement of the grounds for the court's jurisdiction")).

It does not appear, based on the facts presently alleged by Plaintiffs, that this Court has subject-matter jurisdiction over this action under either of the two main bases for a district court's subject-matter jurisdiction: federal question jurisdiction or diversity jurisdiction. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). As to federal question jurisdiction, under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." However, Plaintiffs' action does not arise under the Constitution or any federal laws. Rather, their breach of contract claim is a state law claim. Although Plaintiffs cite 41 U.S.C. § 6503 as a basis for federal question jurisdiction, *see* Compl. at 3, that section "applies in case of breach or violation of a representation or stipulation included in a contract under section 6502 of this title," 41 U.S.C. § 6503(a). Section 6502, in turn, applies to "[a] contract made by an agency of the United States for the manufacture or furnishing of materials, supplies, articles, or equipment, in an amount exceeding $10,000." *Id.* § 6502. There is no allegation that Defendant is an agency of the United States, or that the contract, which appears on its face to pertain to legal services, is "for the manufacture or furnishing of materials, supplies, articles, or equipment." *Id.*; *see generally* Compl. Accordingly, based on the allegations presently contained in the Complaint, it appears the Court lacks federal question jurisdiction over Plaintiffs' claims.

As to diversity jurisdiction, under 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of

different States." However, Plaintiffs allege that both Mr. Finnegan and Defendant are citizens of the State of California. *See* Compl. at 3. Accordingly, it does not appear that Plaintiffs and Defendant have "complete diversity" such that this Court can exercise diversity jurisdiction over this matter. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (explaining that 28 U.S.C. § 1332(a) requires "complete diversity," and "thus applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant").

In light of the foregoing, the Court finds that it lacks subject-matter jurisdiction over Plaintiffs' Complaint, and accordingly dismissal is warranted pursuant to 28 U.S.C. § 1915(e)(2).

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Mr. Finnegan's IFP Motion and **DISMISSES WITHOUT PREJUDICE** Plaintiffs' Complaint as frivolous due to lack of subject-matter jurisdiction pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiffs **MAY FILE** an amended complaint that cures the deficiencies noted above within forty-five (45) days of the electronic docketing of this Order. Any amended filing must be complete in itself, without reference to Plaintiffs' original Complaint. Any claim not re-alleged in Plaintiffs' amended complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *see also Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled").

Should Plaintiffs fail to file an amended complaint within forty-five (45) days, the Court will enter a final Order dismissing this civil action based both on Plaintiffs' failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) and their failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of

the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action."). Such dismissal would be without prejudice to Plaintiffs refiling their claims in state court.

**IT IS SO ORDERED.**

Dated: April 22, 2021

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge